

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00122-CR

_____

RAY CHARLES HAWKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1532-17

Before Morriss, C.J., Burgess and Moseley,* JJ.
Memorandum Opinion by Justice Burgess

_____

*Bailey C. Moseley, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Ray Charles Hawkins was convicted by a jury of aggravated assault against a public servant, a first-degree felony,[1] with the punishment trial before the trial court.[2] Hawkins was sentenced to fifty years' incarceration.[3]

Hawkins' appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and stating that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Hawkins has filed a pro se response in which he argues that his trial and appellate attorneys were ineffective because (1) counsel failed to meet with Hawkins and communicate with Hawkins regarding the appeal process and what impact an *Anders* brief could have on his right to counsel,

---

[1]TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West 2011).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]Hawkins also appeals his conviction of evading arrest or detention with a motor vehicle in our cause number 06-18-00123-CR. Our opinion in that case is issued of even date herewith.

(2) counsel failed to file a merits brief, (3) the evidence at trial was legally insufficient, (4) counsel was displeased that Hawkins wanted to go to trial, (5) Hawkins was subject to de facto racial discrimination in the jury selection process, (6) counsel failed to investigate the history of police brutality in the Tyler Police Department and violence against African Americans, (7) counsel's admonishment that Hawkins not testify on his own behalf because "they are going to find you guilty anyway" was reversible error, (8) counsel failed to introduce evidence of Hawkins' extensive prior history of psychiatric confinement at Rusk State Hospital and continuous prescriptions for psychoactive medications, (9) Hawkins was denied referral for treatment, therapy, and medication for a psychiatric disorder while in pre-trial detention, (10) counsel failed to object to an illegal traffic stop or seek a probable cause hearing, (11) counsel failed to detect conflicting testimony by five different police officers, object to hearsay, or require the corroboration of physical evidence, (12) Hawkins was not afforded the opportunity to review the presentence investigation report with counsel before sentencing, which would have revealed extensive mental illness, (13) Hawkins was not given adequate time to review the appellate record, and (14) the court costs assessed against Hawkins should have been waived because he is indigent.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record, as well as Hawkins' pro se response, and find that no genuinely arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

3

We affirm the judgment of the trial court.[4]


                                        Ralph K. Burgess
                                        Justice


Date Submitted:      December 27, 2018
Date Decided:        January 9, 2019

Do Not Publish

---

[4]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.